UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD BEINOR,

        Plaintiff,

                                       CASE NO.:

vs.

LYFT, INC.,

        Defendant.

_____/

## DEFENDANT LYFT, INC.'S NOTICE OF REMOVAL

Defendant, LYFT INC. ("LYFT"), pursuant to 28 U.S.C. §§1441 and 1446, hereby gives notice of the removal to this court of the case styled *Edward Beinor vs. Lyft, Inc.,* filed in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, Case No.: 23-001249-CI.  As grounds for this removal, LYFT states the following:

1.      Plaintiff alleges he was injured on June 22, 2022, in an incident involving a vehicle using the Lyft platform.

2.      On or about March 15, 2023, Plaintiff commenced a personal injury lawsuit by the filing of a Complaint in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, styled *Edward Beinor vs. Lyft, Inc.,* Case No. 23-001249-CI.

3.      True and legible copies of all papers filed in the State Court Action are attached hereto as **Composite Exhibit B,** in accordance with 28 U.S.C. § 1446(a).

4.    On April 10, 2023, LYFT was served with a copy of the Complaint wherein Plaintiff alleges "[t]his is an action for damages that exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000.00)." *See* Complaint at ¶1 attached hereto as **Exhibit A**.

5.    This Notice of Removal is filed within thirty (30) days of service upon LYFT with the Complaint.  28 U.S.C. § 1446(b)(1).

6.    Venue is proper in this Court pursuant to 28 U.S.C. §1441(a) because this action is being removed from the state court in which it was originally filed, the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida.

7.    As required by 28 U.S.C. § 1446(d), LYFT will serve written notice of this Notice of Removal on Plaintiff and will concurrently file a copy of this Notice of Removal with the Clerk of the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida.

## DIVERSITY JURISDICTION

8.    Complete diversity of citizenship exists for subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because this action involves citizens of different states and an amount in controversy in excess of $75,000.00.

9.    At all material times, Plaintiff was a citizen of the State of Florida. *See* Complaint at ¶2.

10.    At all material times, Defendant LYFT was a foreign corporation, incorporated in the State of Delaware, with its principal place of business in the State

of California.  *See* Complaint at ¶3; *see also* State of Florida 2023 Foreign Profit

Corporation Annual Report for LYFT, attached hereto as **Exhibit C**.   Accordingly,

LYFT is not a citizen of the State of Florida. Therefore, there is complete diversity of

citizenship between Plaintiff and Defendant.  *See Palmer v. Hosp. Auth.*, 22 F.3d 1559,

1564 (11th Cir. 1994)) ("Diversity jurisdiction, as a general rule, requires complete

diversity—every plaintiff must be diverse from every defendant.").

## AMOUNT IN CONTROVERSY

11.    This lawsuit involves a personal injury claim for injuries and damages

Plaintiff allegedly sustained in an incident in Pinellas County, Florida.

12.    Plaintiff alleges he suffered "bodily injury and resulting pain and

suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment

of life, expense of hospitalization, medical and nursing care and treatment, loss of

earnings, loss of ability to earn money, and aggravation of a previously existing

injury." *See* Complaint at ¶7.   On January 24, 2023, Plaintiff's counsel provided

representatives of LYFT's insurer with a demand letter that included a medical

specials chart/summary, a copy of which is attached as **Exhibit D**.  Plaintiff claims to

have incurred medical expenses of $21,759.73 and past and future pain and suffering

damages totaling $660,024.00.  As such, the requisite amount in controversy has been

established.  *Hernandez v. Burlington Coat Factory of Fla., LLC*, No. 2:15-CV-403-FTM-

29CM, 2015 WL 5008863, at *2 (M.D. Fla. 2015) (holding that a pre-suit demand

letter "supported by documented medical bills and specific medical diagnoses ... may be sufficient to plausibly allege that the amount in controversy exceeds $75,000.00").

13.    The District Court for the Middle District of Florida, therefore, has subject matter jurisdiction over this action.

WHEREFORE, Defendant LYFT, INC. respectfully requests this Court to assume jurisdiction of the above-described action now pending in the Sixth Judicial Circuit in and for Pinellas County, Florida, pursuant to 28 U.S.C. §§1441 and 1446.

Respectfully submitted,

s/ *Blake A. Bonsack*

ALLAN J. ROTLEWICZ
Florida Bar No.:  88806
E-mail: arotlewicz@rumberger.com
BLAKE A. BONSACK
Florida Bar No.:  119488
E-mail: bbonsack@rumberger.com
RUMBERGER, KIRK, & CALDWELL, P.A.
North Tampa Street, Suite 2000
Tampa, Florida  33602-5853
Tel:  813.223.4253
Fax:  813.221.4752
Counsel for LYFT INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 10, 2023, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system.  I further certify that I e-

mailed the foregoing document and the notice of electronic filing to the following non-

CM/ECF participants:

Lenny Carapella, Esq.
Florida Bar No. 1008224
Morgan & Morgan, P.A.
111 – 2nd Avenue NE, Suite 1600
St. Petersburg, FL 33701
Phone: 727.256.6739
Email: lcarapella@forthepeople.com
Secondary E-Mail: kaylagarcia@forthepeople.com
Counsel for Plaintiff

s/ *Blake A. Bonsack*

ALLAN J. ROTLEWICZ
Florida Bar No.:  88806
E-mail: arotlewicz@rumberger.com
BLAKE A. BONSACK
Florida Bar No.:  119488
E-mail: bbonsack@rumberger.com
RUMBERGER, KIRK, & CALDWELL, P.A.
North Tampa Street, Suite 2000
Tampa, Florida  33602-5853
Tel:  813.223.4253
Fax:  813.221.4752
Counsel for LYFT INC.

17914104.v1