UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD BEINOR,

Plaintiff,

v.                                                    Case No: 8:23-cv-1036-KKM-AAS

LYFT, INC.,

Defendant.
_____

## ORDER

Edward Beinor originally filed this action in state court against Lyft, Inc., on March 15, 2023, for negligence based on injuries he sustained in a car accident. *See* Compl. (Doc. 1-1). On May 10, 2023, Lyft, Inc., filed a timely notice of removal alleging diversity jurisdiction. *See* Notice of Removal (Doc. 1). On May 31, 2023, Beinor filed an unopposed motion for remand, alleging that he wishes to amend his complaint to "bring the negligence claim against Defendant, John Doe, and dismiss the action against Defendant Lyft, Inc. with prejudice." Unopposed Mot. for Remand (Doc. 9) at 2. Lyft, Inc., does not oppose the motion. *Id.* at 3.

Beinor alleges that he was "unable to obtain the true name of the independent contractor" driving for Lyft when he was injured in a car accident in June 2022. *Id.* at 2.

Thus, Beinor filed his claim against Lyft, Inc., "to obtain the true identity of the Lyft independent contractor." *Id.* at 2–3. Since filing his claim, Beinor has "conferred with counsel for Defendant" and "agreed to amend the Complaint" to remove Lyft, Inc., and "bring the negligence claim against the proper Lyft independent contractor." *Id.* at 3. Once properly amended, Beinor alleges that "the diversity claim for removal to federal court will no longer exist." *Id.*

Although the operative complaint contains a basis for diversity jurisdiction, 28 U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Because Beinor seeks to add a party that he alleges will destroy diversity jurisdiction, both parties agree that remand is appropriate, and because "all doubts about jurisdiction should be resolved in favor of remand to state court," the Court remands this case. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

Accordingly, this action is **REMANDED** to the Circuit Court of the Sixth Judicial District in and for Pinellas County, Florida, and the Clerk must **TRANSMIT** a certified copy of this order to the Clerk of that court; **TERMINATE** any pending motions and deadlines; and **CLOSE** this case.

**ORDERED** in Tampa, Florida, on June 1, 2023.

Kathryn Kimball Mizelle
United States District Judge